**Malachi F. BULLARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37598.**

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

M. S. Morgan, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Maida, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, seven days in jail and a fine of $100.00.

Highway Patrolman Rogers testified that shortly after midnight on the night in question, while on patrol traveling at approximately 30 miles per hour, he observed an automobile approaching from his rear traveling at a high rate of speed, that he pulled off on the shoulder of the highway until

the automobile passed and then gave pursuit and brought the automobile which appellant was driving to a halt, but only after appellant's automobile had forced an automobile which he was meeting to drive into the ditch. He testified that appellant's breath smelled strongly of alcohol, that appellant mumbled and slurred his words while speaking, had blood shot eyes, staggered and bumped up against the patrol car and expressed the opinion that appellant was intoxicated. On cross and redirect examination he testified that appellant told him he had been some place drinking two beers and at the Sportsman Drive Inn where he had drunk approximately six beers.

Appellant, testifying in his own behalf, admitted drinking three beers on the night in question and said, "I couldn't of got more, it was closing time", but denied that he was intoxicated. He testified that after he and Officer Rogers arrived at the Humble jail he was offered a urine test which he refused.

Highway Patrolman Curtis, who was at the Humble jail when Rogers arrived with appellant, testified that appellant spoke with a thick tongue, was very unsteady on his feet, smelled strongly of intoxicants and expressed the opinion that appellant was intoxicated.

The jury resolved the disputed issue of appellant's intoxication against him, and we shall discuss the contentions advanced by brief and in argument.

He states that the State failed to establish "the place where the appellant was at the time of his arrest." Officer Rogers testified that appellant's automobile was being driven on a public highway in Harris County, which is all that was alleged in the Information. There was some discrepancy as to whether it was Airline Drive or Airline Road, but since under the holding of this Court in Pritchett v. State, 137 Tex.Cr.R. 423, 129 S.W.2d 676, it is only necessary to make the general allegation as we have here, that the driving took place on a public highway in a certain county, and nothing further was required to be proven.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.